UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVEN M. BARBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-02220-TWP-MKK |
| | ) | |
| ALLISON TRANSMISSION INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON MOTION FOR JUDGMENT ON THE PLEADINGS**

This matter is before the Court on Defendant Allison Transmission, Inc.'s ("Allison") Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Filing No. 22), under the doctrine of judicial estoppel. After *pro se* Plaintiff Steven M. Barber ("Barber") was terminated from Allison, he initiated this action against Allison for wrongful termination, workplace discrimination, and violation of the American with Disabilities Act ("ADA"). Allison argues that Barber knowingly failed to disclose his claims against Allison in two Chapter 13 bankruptcy cases he has had pending since those claims arose in July of 2021. For the following reasons, judgment on the pleadings is **granted.**

I.     **BACKGROUND**

The followings facts are not necessarily objectively true, but as required when reviewing a motion for judgment on the pleadings, the Court accepts as true the factual allegations in the Complaint and draws all inferences in favor of Barber, the non-moving party. *See Emergency Servs. Billing Corp. v. Allstate Ins. Co.*, 668 F.3d 459, 464 (7th Cir. 2012).

Barber worked for Allison from October 2013 until July 2021 when he was terminated (Filing No. 1). Prior to his termination, Barber was first off work due to back surgery and again

under the Family and Medical Leave Act (Filing No. 1 at 5). Barber was also seen by a behavioral health physician for depression. *Id.* Barber alleges mental and physical health was the reason for his termination, in violation of the ADA. *Id.* On January 12, 2022, he filed a charge with the Equal Employment Opportunity Commission ""(Filing No. 23-1). Barber initiated this action on November 17, 2022, seeking almost 2.6 million dollars (Filing No. 1 at 5). On July 28, 2023, Allison moved for judgment on the pleadings (Filing No. 22).

Prior to filing his claims in civil court, Barber and his wife, Carla Jo Barber, filed a Chapter 13 Petition in the United States Bankruptcy Court for the Southern District of Indiana under Case No. 20-06224-JMC-13 ("the 2020 Case") (Filing No. 23 at 3). This case remained pending through Barber's termination from Allison. *Id.* On July 27, 2021, shortly after Barber's employment was terminated, he filed for a Motion for Sanctions relating to an eviction. *Id*. This filing resulted in the landlord dismissing the eviction proceeding and allowed the Barbers to benefit from the automatic stay created by the 2020 Case. *Id*. The 2020 case was then dismissed on February 14, 2023, due to the Barbers' failure to make payments to the Trustee. *Id.* at 3-4.

Throughout the life of the 2020 Case, Barber and his wife filed several amendments to their original Chapter 13 plan but never disclosed the claims against Allison in this action before this Court. (Filing No. 23.) In its January 20, 2023 Answer, Allison put Barber on notice of asserting judicial estoppel as a defense due to failure to disclose claims. (Filing No. 14.) At the time, Barber was still represented by counsel (Filing No. 23). Despite this notice, Barber, and his counsel, still failed to disclose the claims present in this case. *Id.*

Barber continued to conceal his currently pending claims in the instant matter when he filed a new Chapter 13 petition on April 6, 2023. (Filing No. 23.) Following the dismissal of the 2020 Case, Barber filed a new *pro se* Chapter 13 petition in the United States Bankruptcy Court

for the Southern District of Indiana under Case No. 23-01394-JMC-13 ("the 2023 Case") (Filing No. 23 at 5). Barber totaled his assets at no more than Fifty Thousand Dollars ($50,000.00). *Id.* He failed to file any required filings such as his "Chapter 13 plan, Schedules, Statement of Affairs, Statement of Current Monthly Income and Calculation of Commitment Period (Form 122C-1) and Summary of Assets and Liabilities and Certain Statistical Information with Declaration." *Id.* As of July 28, 2023, Barber has taken no action to disclose his claims against Allison. *Id.*

Barber continues to reap the benefits of the automatic stay that come with bankruptcy proceedings, while seeking damages from his creditors. *Id.* On April 19, 2023, Barber filed for sanctions against T-Mobile and AES Indiana. *Id.* Barber's motion against AES Indiana was granted and he was awarded $1,000.00 for AES Indiana's violation of the automatic stay. *Id.*

As of the date on this Order, this Court has no knowledge of any disclosure of the claims in the instant matter from Barber to the Bankruptcy Court.[1]

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), a party is permitted to move for judgment after the complaint and answer have been filed. A motion for judgment on the pleadings is analyzed under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). The complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.* Stated differently, the complaint must include "enough facts to state

---

[1] On August 29, 2023, Barber was ordered to file the Required Documents on or before September 27, 2023 (Case No. 23-01394-JMC-13, ECF No. 48). As of Barber's last filing on October 17, 2023, no disclosures have been made (Case No. 23-01394-JMC-13, ECF No. 53).

3

a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court will only grant a Rule 12(c) motion when "it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). When assessing a motion for judgment on the pleadings, the factual allegations are viewed in the light most favorable to the non-moving party. *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018). However, the court need not accept as true any legal assertions. *Id.* The Court is also "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989).

As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone; the pleadings include the complaint, answer, and any written instruments attached as exhibits. *Id.*

### III.   DISCUSSION

At the outset, the Court notes Barber failed to disclose his interest in the underlying civil claims in his bankruptcy proceedings. Federal and Indiana courts have held that "a debtor who fails to disclose a potential cause of action in a bankruptcy proceeding is precluded from pursuing such undisclosed claims in subsequent litigation." *Schlosser v. Bank of W. Ind.*, 589 N.E.2d 1176, 1179 (Ind. 1992). Additionally, subsequent litigation has been barred under the doctrines of judicial estoppel, equitable estoppel, standing, and *res judicata*. *Id.* In the instant case, Barber's

claims are barred because Barber lacks standing to bring forth these claims under the doctrine of judicial estoppel.

**A.      Standing**

The Court must determine whether Barber has standing to bring his claims of wrongful termination, workplace discrimination, and violation of the ADA in this Court. The issue is whether Barber is barred from bringing this action because of his failure to disclose these claims to the bankruptcy court. Without standing, there is no basis for subject-matter jurisdiction, and his claims cannot proceed, and must be dismissed. Fed. R. Civ. P. 12(b)(1).

Any legal claims procured while the bankruptcy claim is pending becomes property of the bankruptcy estate. 11 U.S.C. § 1306(a)(1). The bankruptcy estate consists of all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a). It is undisputed that Barber's claims existed at the time he filed the Chapter 13 petition in 2023. For a debtor to retain possession of personal claims, they must disclose the claim to the bankruptcy court. *Schlosser v. Bank of Western Indiana*, 589 N.E.2d 1176, 1179 (Ind. 1992); *Thomas v. Indiana Oxygen Co., Inc.*, 32 F. Supp. 3d 983, 987-88 (S.D. Ind. 2014). Once the claim is disclosed, the debtor retains possession and has concurrent standing with the bankruptcy trustee to pursue claims on behalf of the estate. *Thomas*, 32 F. Supp at 987-88.

If a personal claim is not disclosed to the bankruptcy court, the debtor is barred from pursuing a claim. *Capalla v. Best*, 198 N.E.3d 26, 36 (Ind. 2022). In *Schlosser*, the court concluded that "[b]ecause the Schlossers failed to list in their bankruptcy schedule the cause of action against BWI, they later lacked standing to pursue the claim" and "[t]he suit must be brought exclusively by the trustee of the Schlossers' bankruptcy estate." *Schlosser*, 589 N.E.2d at 1179. This Court comes to the same conclusion.

At no point did Barber, or his counsel, attempt to disclose this personal claim to the bankruptcy court. During the 2020 Case, Barber had several opportunities to amend the scheduling order to include the claims of this lawsuit – he did not. Barber also had the opportunity to disclose these claims in the 2023 Case when he requested additional time to file his Chapter 13 plan, but he did not. Barber's continuous failure to disclose the claims in this case are no mistake. Barber notes in his response "[t]here is no debt with Allison Tra[n]smission that has [to] be mentioned in the bankruptc[y] [case] and I hereby state that in writing." (Filing No. 25 at 3.) Unfortunately, this statement lacks an understanding of the law. Although the Court agrees, Barber does not owe any money to Allison, Barber's claims do belong to the bankruptcy court. Any money Barber may receive from Allison would be considered an asset and would belong to Barber's creditors to fulfill any debts acquired through filing bankruptcy. *See Morgan County Hosp. v. Upham*, 844 N.E.2d 275, 277 (Ind. 2008) (holding a medical malpractice claim was an asset that needed to be disclosed to the bankruptcy court).

Therefore, because Barber failed to list his wrongful termination, workplace discrimination, and violation of the ADA claims in his bankruptcy schedule, he lacks standing to pursue this claim. This claim must be brought exclusively by the Trustee of Barber's bankruptcy estate. *But see Tucker v. Closure Systems Intern.*, No. 1:10-cv-1476-RLY-TAB, 2011 WL 4479112, at *2 (S.D. Ind. Sept. 27, 2011) (holding a plaintiff has standing to pursue an action on behalf of their bankruptcy estate so long as the action was initially disclosed to the court or disclosed through an amended schedule).

**B.      Judicial Estoppel**

Judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v.*

*Maine*, 532 U.S. 742, 749 (2001). More specifically, "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis v. Wakelee*, 156 U.S. 680, 689 (1985). The purpose of judicial estoppel is to protect the integrity of the judicial process. *New Hampshire*, 532 U.S. at 749.

Judicial estoppel is applicable when a bankrupt debtor fails to disclose current causes of action as an asset in bankruptcy proceedings. Bankruptcy debtors are required to disclose all potentially valuable legal claims to the bankruptcy court by filing a list of creditors and a "schedule of assets and liabilities". 11 U.S.C. § 521(a)(1); *Capalla*, 198 N.E.3d at 32. This duty is a continuing one and includes any claims that may be contingent, dependent, or conditional. *Capalla*, 198 N.E.3d at 32; *Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 643 (11th Cir. 2019) ("That duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend [their] financial statements if circumstances change."). The doctrine of judicial estoppel is "often applied to ensure strict adherence with common law and statutory concepts of complete and candid disclosures." *Capalla*, 198 N.E.3d at 33.

Applying the case law discussed above, this Court concludes Barber had a continuing duty to disclose his current pending claims against Allison and failed to do so. Accordingly, we must now determine whether Barber is judicially estopped from bringing this action in trial court. Although there is no hard and fast formula for determining when to employ judicial estoppel, the United States Supreme Court has identified three pertinent factors for courts to examine:

> (1) whether the party's later position was 'clearly inconsistent' with its earlier position; (2) whether the party against whom estoppel is asserted in a later

proceeding has succeeded in persuading the court in the earlier proceeding; and (3) whether the party 'seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'

*New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001).

First, to support a finding of judicial estoppel, we must find that Barber's assumed position in this case is contrary to the one asserted in the bankruptcy proceedings. Although not binding, in *Robinson*, the Eleventh Circuit explained that

By failing to update her bankruptcy schedule to reflect her pending claim, Robinson represented that she had no legal claims to the bankruptcy court while simultaneously pursuing her legal claim against Tyson in the district court. These actions, both taken under oath, are clearly inconsistent. Therefore, ... Robinson took inconsistent positions under oath and the issue of judicial estoppel centers on her intent.

*Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1275 (11th Cir. 20110). This Court finds this case to be extremely instructive in determining the instant matter. Here, Barber failed to disclose his case to the bankruptcy court, which is a denial that the claim exists, but then initiates this claim in district court which is an assertion that the claim does indeed exist. *See Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 644 (11th Cir. 2019). Barber took two inconsistent positions in the filings of each case.

Second, this Court notes Barber has never succeeded in persuading the Court that his case should not be estopped in an earlier proceeding. Lastly, this Court properly notes Allison's contention, and agrees, that Barber would receive an unfair advantage if not estopped. To date, Barber was benefited from the bankruptcy proceedings without making any payments to the bankruptcy estate; Barber gained protection of automatic stay and kept all creditors at bay. *See Williams v. Hainje*, 375 F. App'x 625, 627 (7th Cir. 2010) ("…a debtor who receives even preliminary benefits from concealing a chose in action from his creditors can still be estopped from pursuing the suit in the future."). This manipulation of the judicial system is exactly what judicial

estoppel is supposed to prevent. *Id.* Had Barber amended the schedules when given the opportunity, adding in the current claims, the Court would not consider this a manipulation, but an omission by honest mistake. *See Matthews v. Potter*, 316 F. App'x 518, 520 (7th Cir. 2009). For these reasons, this Court concludes Barber should be judicially estopped from bringing forth this lawsuit.

## IV.  CONCLUSION

For the reasons discussed above, Allison's Motion for Judgment on the Pleadings (Filing No. 22) is **GRANTED** as to all claims litigated by Barber, and accordingly Barber's claims are **dismissed**. Final judgment will issue under separate order.

**SO ORDERED.**

Date:  11/27/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Steven M. Barber
5103 East 40th Street
Indianapolis, Indiana  46226

Emmanuel V.R. Boulukos
ICE MILLER LLP
emmanuel.boulukos@icemiller.com

Kayla Ernst
ICE MILLER LLP (Indianapolis)
kayla.ernst@icemiller.com